**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BYRON GLENN WILLIS, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | |
| | ) | 08 C 3238 |
| Plaintiff, | ) | Judge Kendall |
| | ) | Magistrate Judge Mason |
| vs. | ) | |
| | ) | |
| ELITE RECOVERY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing orders, the parties, represented by Cassandra P. Miller for Plaintiff and Todd P. Stelter for Defendant, conferred and, in accordance with that meeting, hereby present the following initial status report.

1.  **Attorneys of Record.**

    *For the Plaintiff:*
    Daniel A. Edelman (Lead Attorney)
    Cathleen M. Combs
    James O. Latturner
    Cassandra P. Miller
    EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
    120 S. LaSalle Street
    Suite 1800
    Chicago, Illinois  60603
    (312) 739-4200
    (312) 419-0379 (FAX)

    *For Defendant:*
    David M. Schultz (Lead Attorney)
    Todd P. Stelter
    Hinshaw & Culbertson, LLP
    222 North LaSalle Street
    Suite 300

1

        Chicago, IL  60601-1081
        (312) 704-3000
        (312) 704-3001 (FAX)

2.　**Bases for Federal Jurisdiction.**  Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and, therefore, this Court has subject matter jurisdiction under 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), 28 U.S.C. §1367 (supplemental jurisdiction), and 15 U.S.C. §1692 *et seq.* (Fair Debt Collection Practices Act, "FDCPA").

3.　**Nature of Claims and Counterclaims.**  Plaintiff alleges that Defendant filed suit against him for an alleged credit card debt and that the "Statement of Account," which was attached to the complaint, was made to appear as if it had been sent to Plaintiff prior to suit, so as to give rise to an account stated.  In fact the statement was not sent to Plaintiff prior to filing suit, but was only an exhibit to the complaint.  Plaintiff contends that the "statement of account" violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer  (§1692e(10)).  Plaintiff brings this claim on behalf of himself and class of similarly situated individuals.

        Plaintiff further alleges that Defendant filed suit against him for an alleged debt to which Defendant did not have an assignment attached to the complaint and to which Defendant did not have legal title.  Plaintiff contends that the filing of lawsuits without legally-sufficient title to the debts sued upon is a "false, deceptive, or misleading representation or means in connection with the collection of any debt" (15 U.S.C. §1692e), a "false representation of ... (A)

the character, amount, or legal status of any debt" (15 U.S.C. §1692e(2)), a "threat to take any action that cannot legally be taken" (15 U.S.C. §1692e(5)), and "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (15 U.S.C. §1692e(10)), as well as an unfair practice, in violation of 15 U.S.C. §1692f.  Plaintiff further contends that Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the form specified therein and "[a]ttempt[ed] or threaten[ed] to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist...." 225 ILCS 425/9.

        Defendant denies liability for the alleged violations.

4. **Service.**  All parties have been served.

5. **Principal Legal Issues.**

    a. Whether Defendant engaged in a practice of attaching a "statement of account" to its collection lawsuits which were made to appear as if it had been sent to the debtor prior to suit, so as to give rise to an account stated, when in fact it was not;

    b. Whether the "statement of account" violates the FDCPA;

    c. Whether such practice is unfair or deceptive;

    d. Whether or not a class should be certified, pursuant to Fed.R.Civ.P. 23; and

    e. Whether any violations of the FDCPA that may have occurred are excused by the "bona fide error" defense.

6. **Principal Factual Issues.**

    a. Steps or procedures Defendant implemented to avoid violations of the FDCPA;

    b. The number of putative class members as defined by the class definition in the Complaint;

      c.      The net worth of Defendant;

      d.      Facts relating to whether Plaintiff is a proper class representatives; and

      e.      Facts relating to whether a class action is a superior method of resolving this dispute.

7.    **Jury Trial**.  Plaintiff has requested a trial by jury, but believes many of the issues, if not all, can be resolved through dispositive motions.

8.    **Discovery**.  Neither party has initiated written discovery.  The parties intend to exchange written discovery promptly and then proceed forward with any necessary depositions.

9.    **Estimation of When the Case Will Be Ready for Trial:** November 5, 2009 and is anticipated to last 3 days.

10.    **Whether the Parties Consent to Proceed Before a Magistrate Judge:** The parties do not unanimously consent to proceed before a Magistrate Judge.

11.    **Whether There Have Been Settlement Discussions.**  Not as yet.  Upon receipt of the number of putative class members, Plaintiff is prepared to discuss settlement.

Respectfully submitted,

s/ Cassandra P. Miller
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER &
    GOODWIN, LLC
120 S. LaSalle St., Suite 1800
Chicago, IL 60603
(312) 739-4200
(312) 419-0379 (FAX)
*(Attorneys for Plaintiff)*

s/ Todd P. Stelter
David M. Schultz
Todd P. Stelter
HINSHAW & CULBERSTON, LLP
222 N. LaSalle, Suite 300
CHICAGO, IL 60601
(312) 704-3000
*(Attorneys for Defendant)*

**CERTIFICATE OF SERVICE**

       I, Cassandra P. Miller, hereby certify that on July 30, 2008, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice to the following:

David M. Schultz
Todd P. Stelter
Hinshaw & Culbertson, LLP
222 North LaSalle Street
Suite 300
Chicago, IL  60601-1081
(312) 704-3000
(312) 704-3001 (FAX)

                                                  s/ Cassandra P. Miller
                                                  Cassandra P. Miller

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)