### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BYRON GLENN WILLIS,<br>individually and on behalf of the class<br>defined herein, | ) <br> ) <br> ) | |
| | ) | Case No.: 08 C 3238 |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | Judge Kendall<br>Magistrate Judge Mason |
| | ) | |
| ELITE RECOVERY SERVICES, INC., | ) <br> ) | |
| Defendant. | ) | |

## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, ELITE RECOVERY SERVICES, INC., ("Defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its Answer to Plaintiff's First Amended Complaint, states as follows:

### INTRODUCTION

1.      Plaintiff Byron Glenn Willis brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Elite Recovery Services, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), and state law.

**ANSWER:    Defendant admits that plaintiff's complaint purports to allege violations of the FDCPA.  Defendant denies violating the FDCPA and/or any other law. Defendant denies all remaining allegations contained within this paragraph.**

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading

statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

**ANSWER:   Defendant admits that plaintiff's complaint purports to allege violations of the FDCPA.  Defendant denies violating the FDCPA and/or any other law. Defendant denies all remaining allegations contained within this paragraph.**

## VENUE AND JURISDICTION

3.    This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question), 28 U.S.C. §1337 (interstate commerce), and 28 U.S.C. §1367 (supplemental jurisdiction).

**ANSWER:   Defendant admits that this Court has subject matter jurisdiction due to plaintiff's federal question allegations.  Defendant denies any remaining allegations contained within this paragraph.**

4.    Venue and personal jurisdiction in this District are proper because:

    a.    Defendant's collection communications and activities impacted plaintiff within this District;

    b.    Defendant does business within this District.

**ANSWER:   Defendant admits being listed as a plaintiff in lawsuits filed in this District by its licensed counsel.  Defendant admits that it is a licensed collection agency in the state of Illinois.  Defendant denies all remaining allegations contained within this paragraph.**

## PARTIES

5.    Plaintiff Byron Glenn Willis is an individual who resides in the Northern District of Illinois.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

6.    Defendant Elite Recovery Services, Inc. is a New York corporation that does business in Illinois. Its registered agent and office are Lexis Document Solutions, Inc., 801 Adlai Stevenson Dr., Springfield, IL 62703.

**ANSWER:**    **Defendant admits that it is a New York corporation licensed as a collection agency in the state of Illinois.  Defendant admits it has a registered agent listed as Lexis Document Solutions, Inc., 801 Adlai Stevenson Dr., Springfield, IL 62703.  Defendant denies any remaining allegations contained within this paragraph.**

7.    Defendant Elite Recovery Services, Inc. is engaged in the business of purchasing charged-off consumer debts and enforcing the debts against the consumers.

**ANSWER:**    **Defendant admits that, at times, it buys charged-off consumer debts, and admits being listed as plaintiff is lawsuits filed by its licensed counsel.  Defendant admits that it is a licensed collection agency in the state of Illinois.  Defendant denies any remaining allegations contained within this paragraph.**

8.    Defendant Elite Recovery Services, Inc. pays an average of less than ten cents on the dollar for the debts it purchases.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

9.    Defendant Elite Recovery Services, Inc. regularly uses the mails and telephones in conducting its business.

3

**ANSWER:    Defendant admits that, at times, it uses mail and telephone in conducting business.  Defendant denies any remaining allegations contained within this paragraph.**

10.    Defendant Elite Recovery Services, Inc. has been the plaintiff in more than 100 lawsuits filed in Illinois seeking to collect consumer debts.

**ANSWER:    Defendant admits the allegations contained within this paragraph.**

11.    Because the purported obligations were originally owed to other entities and were charged off prior to purchase, Elite Recovery Services, Inc. is a "debt collector" as defined in the FDCPA.

**ANSWER:    Defendant admits that it is a licensed collection agency in the state of Illinois.  Defendant denies all remaining allegations contained within this paragraph.**

12.    Defendant Elite Recovery Services, Inc. is a licensee under the Illinois Collection Agency Act.

**ANSWER:    Defendant admits that it is a licensed collection agency in the state of Illinois.  Defendant denies all remaining allegations contained within this paragraph.**

## FACTS

13.    On or about April 4, 2008, Elite Recovery Services, Inc. filed suit against plaintiff Byron Glenn Willis in the Circuit Court of Cook County to collect a purported credit card debt which was alleged to have been originally owed to Household/Orchard Bank. The complaint in Case No. 08 Ml 127418 is attached as Appendix 1. It consisted of a one page complaint, a one page affidavit (Exhibit A), an unsigned, purported contract (Exhibit B), and a one page purported statement of account" (Exhibit C).

**ANSWER:    Defendant admits being named plaintiff in a lawsuit filed by its licensed counsel against Byron Glenn Willis in the Circuit Court of Cook County to collect**

4

a purported credit card debt which was alleged to have been originally owed to Household/Orchard Bank.  Defendant admits that a photocopy of the complaint is attached to plaintiff's first amended complaint.  Defendant denies any remaining allegations contained within this paragraph.

14.    The alleged debt was incurred for personal, family or household purposes.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

15.    No assignment conveying the purported debt to Elite Recovery Services, Inc. was attached to the complaint.

**ANSWER:**    **Defendant denies that any sort of assignment was required to be attached to the complaint and denies all remaining allegations contained within this paragraph.**

16.    The "statement of account" (Appendix 1, Exhibit C) was made to appear as if it had been sent to the putative debtor prior to suit, so as to give rise to an account stated. It bore a date prior to the filing of suit, contained a direction to "Mail Payments To" a specified address, and contained a notice required by the Fair Debt Collection Practices Act on correspondence, but not pleadings.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

17.    In fact, the "statement of account" (Appendix 1, Exhibit C) was not sent to Byron Glenn Willis prior to the filing of suit, but was only an exhibit to the complaint.

**ANSWER:**    **Defendant admits that, at times, a "statement of account" document is attached to collection complaints filed by its licensed counsel.  Defendant denies any remaining allegations contained within this paragraph.**

6346352v1 890200

18.     The purpose and effect of the "statement of account" is to falsely represent that the document was sent to the putative debtor and not objected to.

**ANSWER:**   **Defendant denies the allegations contained within this paragraph.**

## USE OF "STATEMENT OF ACCOUNT"

19.     The "statement of account" is a document regularly attached by Elite Recovery Services, Inc. to collection complaints. Other examples are attached as Appendices 2-9.

**ANSWER:**   **Defendant admits that, at times, a "statement of account" document is attached to collection complaints filed by its licensed counsel.  Defendant denies any remaining allegations contained within this paragraph.**

20.     On information and belief, the "statement of account" is only provided to putative debtors as an exhibit to the complaint and not mailed to putative debtors.

**ANSWER:**   **Defendant admits that, at times, a "statement of account" document is attached to collection complaints filed by its licensed counsel.  Defendant denies any remaining allegations contained within this paragraph.**

## COUNT I – FDCPA – CLASS CLAIM

21.     Plaintiff incorporates paragraphs 1-20.

**ANSWER:**   **Defendant incorporates its responses to paragraphs 1-20.**

## VIOLATION ALLEGED

22.     The "statement of account" violates the FDCPA as constituting a false representation or means in connection with the collection of any debt (§1692e), a false representation of the "character" of any debt (§ 1692e(2)(A)), and use of any false representation to collect or attempt to collect any debt or to obtain information concerning a consumer (§ 1692e(10)).

**ANSWER:**   **Defendant denies the allegations contained within this paragraph.**

6

6346352v1 890200

## CLASS ALLEGATIONS

23.     Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with Illinois addresses (b) with respect to whom a lawsuit was filed with Elite Recovery Services, Inc. as plaintiff (c) attaching a "statement of account" in the form in Appendix 1, Exhibit C, (d) which document was not sent to the addressee prior to the filing of suit (e) where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:     Defendant denies that a class should be certified in this case, denies that a class is proper, denies that a class exists and denies violating any laws.**

24.     The class is so numerous that joinder is impracticable.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

25.     There are more than 100 natural persons with Illinois addresses with respect to whom a lawsuit was filed with Elite Recovery Services, Inc. as plaintiff, attaching a "statement of account" in the form in Appendix 1, Exhibit C, which document was not sent to the addressee prior to the filing of suit, where the lawsuit was filed or served during a period beginning on a date one year prior to the filing of this action and ending 20 days after the filing of this action.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

26.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the "statement of account" violates the FDCPA.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

27.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

**ANSWER:     Defendant denies the allegations contained within this paragraph.**

6346352v1 890200

28.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

29.    A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Congress intended that the class action be a principal enforcement mechanism for the FDCPA.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

## COUNT II — FDCPA — INDIVIDUAL CLAIM

30.    Plaintiff incorporates paragraphs 1-20.

**ANSWER:    Defendant incorporates its responses to paragraphs 1-20.**

31.    Elite Recovery Services, Inc. is a "collection agency" as defined in the Illinois Collection Agency Act, 225 ILCS 425/1 et seq., as amended effective January 1, 2008.

**ANSWER:    Defendant admits that it is a licensed collection agency in the state of Illinois. Defendant denies all remaining allegations contained within this paragraph.**

32.    Effective January 1, 2008, "collection agency" in 225 ILCS 425/2 was defined to include "any person who, in the ordinary course of business, regularly, <u>on behalf of himself or herself or others</u>, engages in debt collection." (Emphasis added).

**ANSWER:    Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA. Defendant denies violating any portion of the ICAA and denies any remaining allegations contained within this paragraph.**

33.    In addition, 225 ILCS 425/2.02 now defines "collection agency" to mean "any person, association, partnership, corporation, or legal entity who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt."

8

**ANSWER:    Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA.   Defendant denies violating any portion of the ICAA and denies any remaining allegations contained within this paragraph.**

34.    Finally, 225 ILCS 425/3 was amended to provide that "[a] person, association, partnership, corporation, or other legal entity acts as a collection agency when he or it: …(d) [b]uys accounts, bills or other indebtedness and engages in collecting the same...." Previously 225 ILCS 425/3 had provided that one was a "collection agency" if one "[b]uys accounts, bills or other indebtedness with recourse and engages in collecting the same...."

**ANSWER:    Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA.   Defendant denies violating any portion of the ICAA and denies any remaining allegations contained within this paragraph.**

35.    The purpose of the additions and changes to the Illinois Collection Agency Act quoted above was to bring within the definitions entities such as Elite Recovery Services, Inc. which purchase delinquent debts for their own account and collect them.

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

36.    There is a substantial problem with debt buyers suing on debts that they do not own and have no right to sue on.

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

37.    There are multiple reported cases in which debtors have been subjected to litigation because they "settled" with A and then B claimed to own the debt. Smith v. Mallick, 514 F.3d 48 (D.C. Cir. 2008) (commercial debt purchased and resold by debt buyer, debt buyer [possibly fraudulently] settles debt it no longer owns, settlement held binding because notice of

9

assignment not given, but obligor subjected to litigation as result). See also, Miller v. Wolpoff & Abramson, LLP, 1:06-CV-207-TS, 2008 U.S. Dist. LEXIS 12283 (N.D. Ind., Feb. 19, 2008), where a debtor complained he had been sued twice on the same debt; Dornhecker v. Ameritech Corp., 99 F. Supp. 2d 918, 923 (N.D. Ill. 2000), where the debtor claimed he settled with one agency and was then dunned by a second for the same debt, and Northwest Diversified, Inc. v. Desai, 353 Ill.App.3d 378, 818 N.E.2d 753 (1st Dist. 2004), where a commercial debtor paid the creditor only to be subjected to a levy by a purported debt buyer.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

38.    In Wood v. M&J Recovery LLC, CV 05-5564, 2007 U.S. Dist. LEXIS 24157 (E.D. N.Y., Apr. 2, 2007), a debtor complained of multiple collection efforts by various debt buyers and collectors on the same debt, and the defendants asserted claims against one another disputing the ownership of the portfolio involved. Shekinah alleged that it sold a portfolio to NLRS, that NLRS was unable to pay, that the sale agreement was modified so that NLRS would only obtain 1/5 of the portfolio, and that the 1/5 did not include the plaintiff's debt. Portfolio claimed that it and not Shekinah is the rightful owner of the portfolio.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

39.    In Associates Financial Services Co. v. Bowman, Heintz, Boscia & Vician, P.C., IP 99-1725-C-M/S, 2001 U.S. Dist. LEXIS 7874, *9-12 (S.D. Ind., Apr. 25, 2001), later opinion, 2004 U.S. Dist. LEXIS 6520 (S.D. Ind., Mar. 31, 2004), allegations were made that a creditor had continued to collect accounts allegedly sold to a debt buyer.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

40.    Courts have also dismissed numerous collection and foreclosure lawsuits filed in the names of entities that did not own the purported debts. In re Foreclosure Cases, 1:07CV2282 and 14 others, 2007 U.S. Dist. LEXIS 84011, 2007 WL 3232430 (N.D. Ohio, Oct. 31, 2007); In re Foreclosure Cases, 07-cv-166 and 18 others, 2007 U.S. Dist. LEXIS 90812 (S.D. Ohio, Nov. 27, 2007); In re Foreclosure Cases, 521 F. Supp. 2d 650 (S.D. Ohio 2007); In re Foreclosure Cases, 07-cv-166 and 14 others, 2007 U.S. Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007); NovaStar Mortgaue, Inc. v. Riley, 3:07-CV-397, 2007 U.S. Dist. LEXIS 86216 (S.D. Ohio, Nov. 21, 2007); NovaStar Mortgage, Inc. v. Grooms, 3:07-CV-395, 2007 U.S. Dist. LEXIS 86214 (S.D. Ohio, Nov. 21, 2007); HSBC Bank USA v. Rayforcl, 3:07-CV-428, 2007 U.S. Dist. LEXIS 86215 (S.D. Ohio, Nov. 21, 2007); Everhome Mtge. Co. v. Rowland, 2008 Ohio 1282; 2008 Ohio App. LEXIS 1103 (Ohio App., Mar. 20, 2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was the holder of the note and mortgage); Deutsche Bank National Trust Co. v. Castellanos, 277/07, 2008 NY Slip Op 50033U; 18 Misc. 3d 1115A; 2008 N.Y. Misc. LEXIS 44; 239 N.Y.L.J. 16 (Kings Co., N.Y., Sup. Ct., Jan. 14, 2008); HSBC Bank USA, N.A. v. Valentin, 15968/07, 2008 NY Slip Op 50164U; 14 Misc. 3d 1123A; 2008 N.Y. Misc. LEXIS 229 (Kings Co., N.Y., Sup. Ct., Jan. 30, 2008); HSBC Bank USA, N.A. v. Cherry, 21335/07, 2007 NY Slip Op 52378U; 18 Misc. 3d 1102A; 2007 N.Y. Misc. LEXIS 8279; 239 N.Y.L.J. 2 (Kings Co., N.Y. Sup. Ct., Dec. 17, 2007); Deutsche Bank National Trust Co. v. Castellanos, 15 Misc. 3d 1134A; 841 N.Y.S.2d 819 (Kings. Co., N.Y., Sup. Ct. 2007).

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

41.    Debt buyer American Acceptance filed a lawsuit alleging that a broker of charged-off debts sold it debts to which it did not have title. American Acceptance Co. v. Goldberg, 2:08cv9 (N.D. Ind.). Another debt buyer, Hudson & Keyse, filed suit alleging that the same debt broker obtained information about consumer debts owned by Hudson & Keyse and used the information to try to collect the debts for its own account, even though it didn't own them. Hudson & Keyse, LLC v. Goldberg & Associates, LLC, 07-81047-civ (S.D. Fla., filed Nov. 5, 2007). A similar suit, alleging that the broker resold accounts it did not own, was filed by Old National Bank, Old National Bank v. Goldberg & Associates, 9:08-cv-80078-DMM (S.D. Fla., Jan. 24, 2008). The same debt broker is accused in another complaint of selling 6,521 accounts totaling about $40 million face value which it did not own. RMB Holdings, LLC v. Goldberg & Associates, LLC, 3:07-cv-00406 (ED. Tenn., filed Oct. 29, 2007). Other debt buyers have voiced similar complaints. "Florida Broker Faces Multiple Lawsuits," Collections & Credit Risk, April 2008,. p. 8.

**ANSWER:**    **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

42.    In a related abuse, debt buyers would "purchase" debts with minimal information about the debtor and then try to "collect" them from anyone with a similar name. In 2004, the Federal Trade Commission shut down a debt buyer called CAMCO headquartered in Illinois. The following is from a press release issued by the FTC in connection with that case:

> ... In papers filed with the court, the agency charged that as much as 80 percent of the money CAMCO collects comes from consumers who never owed the original debt in the first place. Many consumers pay the money to

6346352v1 890200

get CAMCO to stop threatening and harassing them, their families, their friends, and their co-workers.

According to the FTC, CAMCO buys old debt lists that frequently contain no documentation about the original debt and in many cases no Social Security Number for the original debtor. CAMCO makes efforts to find people with the same name in the same geographic area and tries to collect the debt from them – whether or not they are the actual debtor. In papers filed with the court, the FTC alleges that CAMCO agents told consumers – even consumers who never owed the money – that they were legally obligated to pay. They told consumers that if they did not pay, CAMCO could have them arrested and jailed, seize their property, garnish their wages, and ruin their credit. All of those threats were false, according to the FTC.... (http://www.ftc.gov/opa/2004/12/camco.htm).

**ANSWER:    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

43.    In order to protect Illinois residents against this sort of abuse, the Illinois Collection Agency Act ("ICAA") was amended effective January 1, 2008 to define debt buyers as "collection agencies." This makes applicable the special assignment requirements in ICAA §8b, 225 ILCS 425/8b. Illinois courts had held prior to the amendment that a party that was required to but did not have such an assignment does not have a valid claim and that the defendant in such a case is entitled to judgment. Business Service Bureau, Inc. v. Webster, 298 Ill. App. 3d 257; 698 N.E.2d 702 (4th Dist. 1998).

**ANSWER:    Defendant denies the allegations contained within this paragraph.**

44.    Section 8b of the ICAA provides:

**Sec. 8b. An account may be assigned to a collection agency for collection with title passing to the collection agency to enable collection of the account in the agency's name as assignee for the creditor provided:**

**(a) The assignment is manifested by a written agreement, separate from and in addition to any document intended for the purpose of listing a debt with a collection agency. The document manifesting the assignment shall specifically state and include:**

**(i) the effective date of the assignment; and**

13

(ii) the consideration for the assignment.

(b) The consideration for the assignment may be paid or given either before or after the effective date of the assignment. The consideration may be contingent upon the settlement or outcome of litigation and if the claim being assigned has been listed with the collection agency as an account for collection, the consideration for assignment may be the same as the fee for collection.

(c) All assignments shall be voluntary and properly executed and acknowledged by the corporate authority or individual transferring title to the collection agency before any action can be taken in the name of the collection agency.

(d) No assignment shall be required by any agreement to list a debt with a collection agency as an account for collection.

(e) No litigation shall commence in the name of the licensee as plaintiff unless: (i) there is an assignment of the account that satisfies the requirements of this Section and (ii) the licensee is represented by a licensed attorney at law....

    <u>ANSWER</u>:    Defendant admits that plaintiff's complaint purports to cite a portion of the ICAA.  Defendant denies violating any portion of the ICAA.

    45.    Furthermore, the assignment must be attached to the complaint. <u>Candice Co. v. Ricketts</u>, 281 Ill.App.3d 359, 362, 666 N.E.2d 722 (1st Dist. 1996).

    <u>ANSWER</u>:    Defendant denies the allegations contained within this paragraph.

    46.    Finally, the assignee is required "in his or her pleading on oath allege that he or she is the actual bona fide owner thereof, and set forth how and when he or she acquired title...." 735 ILCS 5/2-403(a).

    <u>ANSWER</u>:    Defendant denies the allegations contained within this paragraph.

    47.    Defendant Elite Recovery Services, Inc. regularly files lawsuits on debts it claims to have purchased without having an assignment that complies with §8b of the Collection Agency Act, and therefore, without a valid claim.

14

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

48.    Defendant knows or should know it has no valid claim, but files suit anyway because consumers are unlikely to realize the fact.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

49.    The filing and prosecution of collection lawsuits notwithstanding a known defense, in the hope that the consumer will not raise the defense, is both a deceptive collection practice, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(l0), and an unfair collection practice, in violation of 15 U.S.C. §1692f.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

50.    Since <u>Kimber v. Federal Financial Corp.</u>, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987), "bringing a lawsuit to which there appears to exist a complete defense" in the hope that the consumer will not realize it exists and will default or pay has been a violation of the FDCPA.

**ANSWER:**    **Defendant denies the allegations contained within this paragraph.**

51.    Section 1692e provides:

> **§ 1692e.       False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:.. .**
>
> **(2)    The false representation of—**
>
> **(A)    the character, amount, or legal status of any debt; …**
>
> **(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken….**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

<u>ANSWER:</u>    **Defendant admits that plaintiff's complaint purports to cite a portion**
of the FDCPA.  **Defendant denies violating any portion the FDCPA.**

52.    Section 1692f provides:

§ 1692f.    **Unfair practices [Section 808 of P.L.]**

**A debt collector may not use unfair or unconscionable means to collect or**
**attempt to collect any debt... .**

<u>ANSWER:</u>    **Defendant admits that plaintiff's complaint purports to cite a portion**
of the FDCPA.  **Defendant denies violating any portion the FDCPA.**

## COUNT III — ILLINOIS COLLECTION AGENCY ACT — INDIVIDUAL CLAIM

53.    Plaintiff incorporates paragraphs 1-20 and 31-52.

<u>ANSWER:</u>    **Defendant incorporates its responses to paragraphs 1-20 and 31-52.**

54.    Defendant violated 225 ILCS 425/8b by filing suit without an assignment in the
form specified therein.

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

55.    Defendant violated the following provisions of 225 ILCS 425/9:

**...(20) Attempting or threatening to enforce a right or remedy with knowledge or**
**reason to know that the right or remedy does not exist.  …**

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

56.    A private right of action exists for violation of the ICAA. <u>Sherman v. Field Clinic,</u>
74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

57.    Plaintiff was damaged as a result.

<u>ANSWER:</u>    **Defendant denies the allegations contained within this paragraph.**

16

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits; and

2. Awarding defendant such other and further relief as the Court deems just and equitable.

## AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, ELITE RECOVERY SERVICES, INC., ("Defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its Affirmative Defenses to Plaintiff's First Amended Complaint, states as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Upon information and belief, plaintiff may be contractually obligated to arbitrate any dispute, claim or controversy which arises out of the subject matter set forth in the instant litigation.

### FOURTH DEFENSE

Plaintiff's claims are barred by his lack of standing. To obtain standing to assert claims under the Illinois Collection Agency Act, plaintiff must suffer actual damages. Plaintiff has suffered no actual damages.

6346352v1 890200

## FIFTH DEFENSE

The Illinois Collection Agency Act provides for no private right of action.

## SIXTH DEFENSE

Defendant is protected by litigation privilege and is granted absolute immunity from claims arising out of the method and manner in which Illinois state court pleadings are drafted, constructed and/or filed.

## SEVENTH DEFENSE

Defendant states that plaintiff's claims are barred by the *Colorado River* doctrine. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976).

## EIGHTH DEFENSE

Defendant states that under the Noerr-Pennington doctrine, it is immune from suit under the FDCPA for pursuing state court litigation against plaintiff. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961) and *United Mine Workers v. Pennington,* 381 U.S. 657 (1965) and *California Motor Transport Co. v. Trucking Unlimited,* 404 U.S. 508 (1972).

## NINTH AFFIRMATIVE DEFENSE

Defendant states that upon judgment being entered in its favor in the underlying state court case, plaintiff's claims in this case will be barred in part, or in whole, by the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

## TENTH AFFIRMATIVE DEFENSE

6346352v1 890200

Defendant states that upon judgment being in its favor in the underlying state court case, plaintiff's claims in this case will barred in part, or in whole, by the doctrines of res judicata and collateral estoppel.

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits; and

2. Awarding defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By:_____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6346352v1 890200

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BYRON GLENN WILLIS, | ) | |
| individually and on behalf of the class | ) | |
| defined herein, | ) | |
| | ) | Case No.: 08 C 3238 |
| Plaintiff, | ) | |
| | ) | Judge Kendall |
| vs. | ) | Magistrate Judge Mason |
| | ) | |
| ELITE RECOVERY SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, I electronically filed **ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Dan Edelman**
dedelman@edcombs.com

Respectfully submitted,


By:_____s/Todd P. Stelter_____


David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6346352v1 890200